IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JEROME CLARKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-125 |
| OFC. BRESHONDA MERRELL, and | ) | |
| GEORGIA STATE BOARD OF PARDONS | ) | |
| AND PAROLES, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate presently incarcerated at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may

consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Clarke v. Clarke County, CV 394-101 (M.D. Ga. Oct. 11, 1994) (dismissed as being frivolous, malicious, or failing to state a claim upon which relief may be granted); (2) Clarke v. Sikes, CV 699-010 (S.D. Ga. Mar. 3, 1999) (dismissed for failure to state a claim; and (3) Clarke v. Sikes, CV 699-064 (S.D. Ga. May 20, 1999) (dismissed for failure to state a claim). As Plaintiff has three strikes, he cannot proceed IFP unless he can show that he qualifies for "the imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff has filed a document titled "affidavit of legality in support of imminent danger of serious physical injuries [sic]." (Doc. no. 2.) In this document, Plaintiff claims that he suffers from chronic obstructive pulmonary disease ("COPD") which causes severe lung failure, fainting spells, and shortening of oxygen to his brain. Id. Plaintiff further alleges that he is waiting on his physician to receive a refill of his inhaler. Id. Plaintiff's allegations,

however, are completely unrelated to the claims in his complaint regarding the disciplinary report and parole board. (See doc. no. 1, pp. 5-6.) Notably, this is not the first time Plaintiff has attempted to use his medical issues to circumvent the three strikes provision to assert a claim wholly unrelated to those medical issues. See Clarke v. Allen-Dalrymple, CV 314-016, doc. no. 3 (S.D. Ga. Feb. 18, 2014). Plaintiff also requests no relief related to his medical issues in his complaint or in his affidavit. (See doc. no. 1, p. 6.) Further, Plaintiff has filed over forty cases in federal court, most of which have been dismissed under the PLRA's three strikes provision. Given the unrelated claims in Plaintiff's complaint and his filing history, Plaintiff's claims regarding his medical issues cannot be credited and do not warrant circumvention of the three strikes provision. See Mathis v. Smith, 181 F. App'x 808, 810 (11th Cir. 2006) (affirming dismissal of a complaint alleging imminent danger where prisoner had brought multiple unrelated claims and had a dubious filing history).

Even crediting Plaintiff's allegations, they do not suffice to meet the standard of imminent danger of serious physical injury. "A prisoner alleges imminent danger of serious physical injury, when he alleges that a total withdrawal of treatment for serious diseases, including human immunodeficiency virus ("HIV") and hepatitis, will cause him to suffer from severe ongoing complications, increased susceptibility to various illnesses, and a rapid deterioration of his condition." Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006). Plaintiff makes no allegations as to what complications a delay in receiving his inhaler will cause and only makes claims regarding symptoms that are a result of the disease but not due to lack of treatment. (See doc. no. 2.) Moreover, Plaintiff does not allege that other treatment is not available for his disease if it is needed. (Id.) Because Plaintiff fails to make any allegations regarding the type of injury a temporary delay in

having an inhaler will cause or that other treatment is not available, Plaintiff fails to sufficiently allege imminent danger of serious physical injury.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)

SO REPORTED and RECOMMENDED this 17th day of December, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA